**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BALE CHEVROLET COMPANY**                                      **PLAINTIFF**

**v.**                                    **CASE NO. 4:08-CV-0056 BSM**

**UNITED STATES OF AMERICA**                                    **DEFENDANT**

**ORDER**

Bale Chevrolet's motion for administrative and litigation costs [Doc. No. 20] is

denied.

## I.  OVERVIEW OF RELIEF REQUESTED

Bale Chevrolet brought this action seeking a refund of tax penalties paid to the

Internal Revenue Service (IRS) for violating 26 U.S.C. § 6050I.  Bale Chevrolet and the

United States settled out of court, and the case was dismissed.  Bale Chevrolet now seeks

$31,773.34 in administrative and litigation costs, claiming that it expended $19,877.81 in

administrative costs and $11,895.53 in litigation costs.  The administrative costs represent

89.9 hours of lead counsel's  time at a cost of $225.00 an hour; 8.25 hours of a law clerk's

time at $75.00 an hour; and $606.56 in miscellaneous costs.  The litigation costs represent

50.3 hours of lead counsel's time at a cost of $225.00 an hour; and miscellaneous costs of

$578.03.  For the reasons stated below, Bale Chevrolet's motion for administrative and

litigation costs is denied.

## II.  BACKGROUND

In 2000, Bale Chevrolet was audited by the IRS to check for compliance with  26

U.S.C. § 6050I.  Section 6050I requires that businesses file a Form 8300 for every transaction in which they receive more than $10,000 in cash.  The 2000 audit showed that Bale Chevrolet failed to file four Forms 8300.  The IRS assessed "intentional disregard" penalties, as described in 26 U.S.C. § 6721(e), against Bale Chevrolet in the amount of $100,000.  Bale Chevrolet paid the penalties, and in January of 2008 filed a civil action seeking a refund of the penalties paid.  [Doc. No. 1].  The parties settled the case on July 10, 2008, and Bale Chevrolet was refunded the $100,000 it paid in penalties.  The case was dismissed on December 1, 2008.  [Doc. No. 18].

## III.  THE LAW

26 U.S.C. § 7430 allows taxpayers to be reimbursed for administrative and litigation costs expended in cases involving the IRS, as follows:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for - . . . (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430(a).  Section 7430 defines "prevailing party" as

> [A]ny party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved) –
> (i) which –
>     (I) has substantially prevailed with respect to the amount in controversy, or
>     (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and
> (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B)

of title 28, United States Code . . . except to the extent different procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28.

26 U.S.C. § 7430(c)(4)(A).  Pursuant to 28 U.S.C. § 2412(d)(2)(B)

"[P]arty" means . . . (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed.

28 U.S.C. § 2412(d)(2)(B).

Section 7430 also provides for an exception to the definition of "prevailing party." "A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified."  26 U.S.C. § 7430(c)(4)(B).  A reasonableness standard is applied when determining whether the IRS's actions were substantial justified.  "The position of the United States is substantially justified if it has a reasonable basis in both law and fact, a determination made on a case by case basis."  *United States v. Bisbee*, 245 F.3d 1001, 1007 (8th Cir. 2001).  "[T]he government's position is not substantially justified where its position is not 'clearly reasonable, well founded in law and fact, [or] solid though not necessarily correct.'" *Kenagy v. United States*, 942 F.2d 459, 464 (8th Cir. 1991) (quoting *United States v. Estridge*, 797 F.2d 1454, 1459 (8th Cir. 1986)).

In interpreting the language of § 7430, courts have looked to the Equal Access to Justice Act (EAJA).  "The 'not substantially justified' standard was copied by Congress from

the EAJA provisions.  Thus, where the wording is consistent, courts read the EAJA and §

7430 in harmony."  *Kenagy*, 942 F.2d at 464.  "[A] position can be justified even though it

is not correct, and we believe it can be substantially (i.e., for the most part) justified if a

reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

*Pierce v. Underwood*, 487 U.S. 552, 565 n.2 (1988) (discussing the definition of

"substantially justified" under the EAJA).

The burden of proving substantial justification is placed on the United States.  *See*

*Sherbo v. C.I.R*, 255 F.3d 650, 653 (8th Cir. 2001) ("A 1996 amendment to the statute

explicitly placed the burden of proof on this issue on the government when it added §

7430(c)(4)(B)."); *Pacific Fisheries Inc. v. United States*, 484 F.3d 1103, 1107 (9th Cir. 2007)

(same); *Estate of Baird v. C.I.R.*, 416 F.3d 442, 446 (5th Cir. 2005) (same);  *Florida Country*

*Clubs, Inc. v. Comm'r Internal Revenue*, 122 T.C. 73, 79 (2004) (same).  *But see*

*Kaffenberger v. United States*, 314 F.3d 944, 960 (8th Cir. 2003) (quoting *Bisbee*, 245 F.3d

at 1007) ("The taxpayer bears the burden of proving that the government's litigation position

was not substantially justified.").

Bale Chevrolet maintains that it has met the definition of "prevailing party," and that

the United States was not substantially justified in its actions.  The United States counters

that because it was substantially justified in its actions, Bale Chevrolet is not entitled to

reimbursement for costs and fees.  In addition, the United States asserts that because Bale

Chevrolet failed to present evidence addressing the requirement that it had 500 employees

or less at the time of the action, it fails to meet the definition of "prevailing party."  Each of these issues is addressed separately below.

## IV.  DISCUSSION

A.      Substantially Justified

The United States was substantially justified in its application of the intentional disregard penalties to Bale Chevrolet because the law and facts relied upon by the United States in its assessment of penalties against Bale Chevrolet established a reasonable basis for its position that Bale Chevrolet "intentionally disregarded" its duty to file Forms 8300.  As stated above, in determining substantial justification, courts apply a reasonableness standard.  If the position of the United States had a reasonable basis in law and fact, it was substantially justified.

The United States maintains that, at the time the penalties were assessed against Bale Chevrolet, there was very little authority addressing "intentional disregard" penalties.  Therefore, it was forced to look beyond the IRS Code and cases dealing specifically with 26 U.S.C. § 6721 to determine if intentional disregard penalties were appropriate.  Nowhere in the IRS Code is "intentional disregard defined."  Treasury Regulation 301.6721-1 from the Internal Revenue Manual § 7.3.2 addresses penalties for violations involving the filing of information returns.  26 C.F.R. § 301.6721-1.  Under multiple sections of the IRC information returns are required to be filed by taxpayers.  *See* 26 U.S.C. § 6724.  Section 7.3.2 of the Internal Revenue Manual states that

A failure is due to intentional disregard if it is a knowing or willful – . . . (i) Failure to file timely, or (ii) Failure to include correct information. Whether a person knowingly or willfully fails to file timely or fails to include correct information is determined on the basis of all the facts and circumstances in the particular case.

26 C.F.R. § 301.6721-1(f)(2). This Section also provides a non-exhaustive list of factors to consider when determining "intentional disregard":

1) Whether the failure to file timely or the failure to include correct information is part of a pattern of conduct by the person who filed the return of repeatedly failing to file timely or repeatedly failing to include correct information;
2) Whether correction was promptly made upon discovery of the failure;
3) Whether the filer corrects a failure to file or a failure to include correct information within 30 days after the date of any written request from the [IRS] to file or to correct; and
4) Whether the amount of the information reporting penalties is less than the cost of complying with the requirement to file timely or to include correct information on an information return.

26 C.F.R. § 301.6721-1(f)(3).

Prior to April of 2006, there was very little case law addressing the issue of intentional disregard under § 6721. The United States maintains that those cases addressing the issue involved the intentional failure of attorneys to file Forms 8300 under the defense of attorney-client privilege, and therefore were not applicable. The United States looked to Fair Labor Standards Act (FLSA), Occupational Safety and Health Administration (OSHA), and Gun Control Act cases involving civil willfulness. The United States specifically cites to *Herman v. Palo Foster Home, Inc.*, a case in which the Sixth Circuit Court of Appeals found a party's actions willful where the party "had actual notice of the requirements of [FLSA] . . . had been

investigated for violations twice in the past, paid unpaid overtime wages, received

explanations of what was required to comply with [FLSA], and assured the [Department of

Labor] that he would comply in the future." *Herman v. Palo Group Foster Home, Inc.*, 183

F.3d 468, 474 (6th Cir. 1999).  In *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco,*

*Firearms and Explosives*, 415 F.3d 1274, 1276 (11th Cir. 2005), the court stated that "the

firearms dealer is considered to have acted willfully . . . if, with knowledge of what the

regulations required, the dealer repeatedly violates those regulations."  The Third Circuit

Court of Appeals found that "If a corporation has lax internal controls or fails to secure

competent external auditors to ensure the filing of timely tax returns and deposit and payment

of taxes, it fails to show reasonable cause or absence of willful neglect."  *In the Matter of*

*Am. Biomaterials Corp.*, 954 F.2d 919, 927 (3d Cir. 1992).

Bale Chevrolet cites *Tysinger Motor Co. v.  United States*, 428 F. Supp. 2d 480 (E.D.

Va. 2006), in support of the proposition that the United States did not have substantial

justification.  In *Tysinger*, the District Court for the Eastern District of Virginia addressed

facts very similar to those of the instant case.  Through audits conducted in 1992, 1996, and

2000, the IRS discovered that Tysinger failed to file several Forms 8300. *Id.* at 481-483.  For

the 2000 violations, the IRS assessed "intentional disregard" penalties against Tysinger in

the amount of $100,000. *Id.* at 483.  Tysinger paid the penalties, and then filed suit seeking

a refund. *Id.*  The United States District Court for the Eastern District of Virginia found that

Tysinger did not intentionally disregard its duty to file Forms 8300, and was therefore

entitled to a full refund. *Id.* at 486. The United States asserts that *Tysinger* fails to impact

the issue of whether the United States' position was substantially justified because *Tysinger*

was a district court case from a different circuit. "[T]he fact that *one* other court agreed or

disagreed with the Government does not establish whether its position was substantially

justified . . . a string of losses can be indicative; and even more so a string of successes."

*Pierce*, 487 U.S. at 569 (emphasis added). Thus, the decision in *Tysinger* does not take away

from the United States' assertion that it was substantially justified.

The United States maintains that Bale Chevrolet's compliance history and lack of

internal controls, coupled with the law examined above, led it to the conclusion that Bale

Chevrolet intentionally disregarded its duty to file Forms 8300. Prior to the 2000 audit, Bale

Chevrolet had previously been audited two times, once in 1991 and once in 1996. The 1991

audit produced no violations. Following the 1996 audit, the IRS assessed one violation

against Bale Chevrolet for failure to file one Form 8300. A $50 penalty was imposed against

Bale Chevrolet, and Amy Shrum, the CFO and Comptroller of Bale Chevrolet, signed an

Acknowledgment of Requirement to File Form 8300. Ex. A-1, Pltf.'s Motion. Ms. Shrum

also wrote a "reasonable cause" letter to the IRS in which she stated that the failure to file

Form 8300 was due to "a lack of knowledge and understanding," and that "several

procedures have been implemented and are being implemented to detect transactions that

require filing." Ex. A-2, Pltf.'s Motion.

In 2000, the IRS audited Bale Chevrolet again. This time it found that in four separate

instances Bale Chevrolet failed to file Forms 8300.  In total, Bale Chevrolet was required to

file five Forms 8300 for the years 1998, 1999, and 2000.  In four out of the five instances it

failed.  Ms. Shrum again submitted a "reasonable cause" letter to the IRS in which she

described the old internal procedure for filing Forms 8300 as one that "relied upon one

person passing the information to another, then to another and another and another." Ex. A,

Def.'s Response.  She further stated a belief that the failure was due to "a complete turnover

in the accounting office, a faulty procedure as well as personnel changes in the Finance and

Insurance Department." *Id.*

Reviewing Bale Chevrolet's protest, Leland Neubauer, an IRS Appeals Officer,

researched applicable statutes and case law.  Unable to locate statutes or case law specifically

addressing § 6721, Neubauer relied on the authority laid out above.  Neubauer used the

authority of these statutes and cases to determine that Bale Chevrolet "intentionally

disregarded" its duty to file Forms 8300.  This was based on the fact that Bale Chevrolet

previously violated the section and failed to set up adequate internal controls to prevent such

violations.  Although an argument exists that a prior singular violation does not create a

pattern, the court finds that the United States reasonably believed that the previous violation

coupled with the violation before them created a pattern sufficient to assess the intentional

disregard penalty.

In addition to its *Tysinger* argument, Bale Chevrolet counters the United States with

the following: 1) the United States' interpretation of 26 U.S.C. § 6721(e) created strict

liability and therefore was not substantially justified; and 2) in giving Bale Chevrolet a full

refund, the United States acknowledged that it was not substantially justified.  Both these

arguments fail.  First, the United States did not interpret 26 U.S.C. § 6721(e) in such a way

as to create strict liability.  The United States reviewed the statutes and case law and then

specifically looked to Bale Chevrolet's intent as shown by its understanding of its duties, its

pattern of violations, and its lax internal controls.  Second, the decision of the IRS to settle

the case and to refund the payment does not, in itself, establish that the United States was not

substantially justified.  "The unfavorable terms of a settlement agreement, without inquiry

into the reasons for settlement, cannot conclusively establish the weakness of the

Government's position.  To hold otherwise would not only distort the truth but penalize and

thereby discourage useful settlements." *Pierce*, 487 U.S. at 568.  The court does not have

before it the terms of the settlement agreement or the reasons for such terms.  Therefore, the

court declines to find that the United States acknowledged that it was not substantially

justified merely because it settled the case and refunded Bale Chevrolet's money.

B.      Prevailing Party

Bale Chevrolet has presented no evidence that it had no more than 500 employees at

the time the civil action was filed as required by 26 U.S.C. § 7430.  Therefore, Bale

Chevrolet has failed to meet the requirements necessary to be classified as a prevailing party.

## V.  CONCLUSION

Accordingly, Bale Chevrolet's motion for administrative and litigation costs [Doc. No.

20] is denied.

IT IS SO ORDERED this 4th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE