# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BALE CHEVROLET COMPANY**                                                **PLAINTIFF**

v.                              **CASE NO. 4:08cv0056 BSM**

**UNITED STATES OF AMERICA**                                              **DEFENDANT**

## ORDER

Bale Chevrolet Company ("Bale") moves to supplement the record with four (4) W-3 Forms filed with the IRS for 2006 and 2007 by Bale. [Doc. No. 37]. The United States has responded. [Doc. No. 38]. The motion is denied.

Bale's motion for attorney's fees was denied on September 4, 2009 because the actions taken by the United States were substantially justified and Bale failed to establish that it had no more than 500 employees at the time the civil action was filed. Bale appealed, and now moves to supplement the record with W-3 Forms it maintains will establish that it had less than 200 employees at the time the action was filed.

Bale requests relief pursuant to Rule of Appellate Procedure 10(e)(2), and argues in the alternative that the inherent equitable power of the court should be exercised to serve the ends of justice. Rule 10(e)(2) provides:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals.

"Generally, an appellate court cannot consider evidence that was not contained in the record

below. However, this rule is not etched in stone. When the interests of justice demand it, an appellate court may order the record of the case enlarged." *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993).

Bale asserts that the facts proffered for supplementation cannot be denied by the United States. It further argues that granting the motion "will permit the 'real issue' in question (i.e., whether or not the IRS' position taken against [Bale] was 'substantially justified') to be considered and decided by the [Eighth Circuit]."

The United States opposes Bale's motion, arguing that Rule 10(e)(2) does not justify supplementing the record. Indeed, the United States maintains that " . . . Bale is simply attempting to add new material that was never considered by this Court." In response to Bale's request for equitable relief, the United States maintains that permitting supplementation would effectively "short-circuit[] the adversary process" because the government has not had an opportunity to examine the evidence and challenge it in court.

Although Bale presents a sympathetic argument, supplementation is not warranted. The information that Bale wants to put into the record was never provided to the court and the purpose of Rule 10(e)(2) is to permit supplementation of the record so that it accurately contains all of the information that was before the trial judge. This rule does not permit supplementation in order to present evidence to the court of appeals that was not before the trial judge.

Further, the ends of justice would not be served by allowing supplementation. The number of persons employed by Bale is a key issue herein and is one that the United States

should have an opportunity to challenge and rebut. Therefore, it would be inappropriate to allow Bale to add this information to the record at this point.

Accordingly, Bale's motion to supplement the record [Doc. No. 37] is denied.

IT IS SO ORDERED this 5th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE